UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNICK K. WRIGHT,

      *Petitioner,*

v.                                Case No. 3:26-cv-1278-JEP-PDB

DEPARTMENT OF HOMELAND,
SECURITY, et al.,

      *Respondents.*

_____/

## **ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 on May 15, 2026. (Doc. 1). He argues, among other things, that ICE failed to comply with its own regulations when it revoked his order of supervision ("OSUP") and re-detained him on December 1, 2025. (*Id.* at 4, 6-7). He asks the Court to order his immediate release. (*Id.* at 7).

On June 9, 2026, the Federal Respondents filed a response advising that they cannot present "facts at this time to establish that Petitioner's [OSUP] was revoked according to the procedures established by law." (Doc. 6 at 1). Thus, the Federal Respondents advise that they "do not oppose Petitioner's request for release at this time, subject to supervision pursuant to 8 U.S.C. § 1231(a)(3) . . . ."

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus (Doc. 1) is **GRANTED** as to Petitioner's claim that Respondents failed to comply with the appropriate procedures when revoking his OSUP.[1] Respondents shall release Petitioner **within 24 hours of this Order**, subject to and in accordance with the conditions in his preexisting order of supervision, and they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Warden's motion to dismiss (Doc. 7) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The **Clerk** shall enter judgment granting the petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on June 11, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court grants relief on Petitioner's claim regarding the revocation of his OSUP, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

c:
Johnick K. Wright
Counsel of Record

3